D;F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SHEILA M. BOLAR,

                Petitioner,

-against-

PILGRIM STATE PSYCHIATRIC HOSPITAL;
DR. R. LAMONICA, PhD.; DR. HASHMI (a
Pakistani male),P.S.S.H; DR. EMPINADO-TSE
(a Hispanic female); JAN LI, Social Worker,
P.S.S.H.; BETH McCAARAN, also known as
Mc Carron; KURNVILLA JOSE, Social Worker,
P.S.S.H.; QUEENS COUNTY OF NEW YORK;
LEGAL AID SOCIETY OF NEW YORK; DR.
JOHN (female Pakistanian) P.S.S.H., DR.
SARWAL (female Pakistanian) P.S.S.H. also
known as Sarwol; DR. ALAN PERRY, PhD;
SOUTHSIDE HOSPITAL OF BAYSHORE,
L.I.; RIKERS ISLAND CORRECTIONAL
FACILITY; MARK HORN, Commissioner,
New York City Dept. of Corrections; CITY
OF NEW YORK; NEW YORK POLICE
DEPARTMENT; 105TH POLICE PRECINCT
OF QUEENS COUNTY, NEW YORK;
ROSE (LPN, Pilgrim State Psychiatric
Hospital); MARY BETH ANDERSON,
Legal Aid Society of New York, Queens
Office; TIMOTHY ROUNDTREE, Legal
Aid Society of New York, Queens Office;
STANLEY RUBEN, also known as Steven;
JUDGE LOPEZ, Queens Criminal Court -
Part AP5; JUDGE MARGULIS, Queens
Criminal Court - Part AP5; SEYMOUR
JAMES, Legal Aid Society of New York;
DR. FLEISCHMAN, Southside Hospital;
MICHAEL F. HOGAN, Commissioner
NYOMH P.S.S.H.; CELIA MATOS,
Team Assistant at Pilgrim[1]

                Respondents.

MEMORANDUM
AND ORDER
07- CV-5445 (NG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13 2008 ★
BROOKLYN OFFICE

---------------------------------------------------------X
GERSHON, United States District Judge:

---

[1] The proper respondent in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is petitioner's present custodian. Habeas Corpus Rules, Rule 2(a).

1

On December 28, 2007, petitioner, whose complaint represented that she was hospitalized at Pilgrim State Psychiatric Hospital,[2] filed this petition and a one hundred thirty-three page handwritten single-spaced affidavit in support thereof, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a court-ordered psychiatric evaluation and hospitalization. Petition ("Pet.") at 1, 9. The Court grants petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Court dismisses the petition without prejudice.

## BACKGROUND

While there are thousands of words describing petitioner's mental and physical well-being, her educational and military history, her criminal court proceedings, incarceration at Rikers Island and mental evaluation, the dispute with her landlord, and her admission to Pilgrim State Psychiatric Hospital, having reviewed the entirety of the 133-page affidavit petitioner has submitted with her petition, the essence of her allegations are: she was arrested without probable cause for a crime she did not commit and the criminal justice system has wrongly found her mentally ill and hospitalized her. She wants money damages and to be released.

According to the affidavit submitted by petitioner, because she failed to appear for a May 2006 court date in Queens County Criminal Court, an arrest warrant was issued for petitioner and she voluntarily surrendered to that court on November 5, 2007. Affidavit ("Aff") at 1-2. Petitioner states that she failed to appear for the earlier date because she had traveled to Mobile, Alabama to recover from the physical and emotional trauma from being raped in early 2006, and that she did not learn of the arrest warrant until November 1, 2007. Id. at 2-3.

---

[2] By letter dated March 24, 2008, Ms. Bolar represents that she was released from Pilgrim State Psychiatric Hospital on March 11, 2008.

2

The charge against her is aggravated harassment. Aff. at 3. Petitioner's landlord swore out a complaint against petitioner on May 20, 2006 for aggravated harassment after petitioner contacted the "Administration of Children's Services" regarding the landlord's children and allegedly harassed her family for a six month period. Aff. at 36-39. Petitioner denies making the telephone calls that are the basis of the aggravated harassment charge against her.

The court ordered a psychiatric evaluation on November 5, 2007 at a hearing before "Queens Criminal Court Judge Lopez (Part AP5)" and again on November 19, 2007 at a hearing before Judge Marguilis "(Part AP5)." Id. The evaluation, conducted on November 16, 2007, found her mentally unfit to stand trial. Id. at 3. She was held at Rikers Island from November 5 to November 19, 2007, but was hospitalized at Pilgrim State thereafter.

Petitioner states that she is not mentally ill, that the evaluations of various doctors are false and that she is being unlawfully and involuntarily hospitalized. Petitioner also alleges multiple other transgressions during her criminal prosecution including, *inter alia*, that the defendant Queens County criminal court officers and employees failed to vouchsafe the two suitcases and their contents which she brought to court on November 5, 2007, Aff. at 13-21, was strip searched in Unit B-11 of Rikers Island and subjected to other violations of her civil rights at Rikers Island, Aff. at 22-24, and was deprived of due process in the mental competency evaluations. Petitioner names as defendants the judges, attorneys, psychiatrists, corrections officers, social workers involved in her criminal action to date and the corrections departments, facility and hospitals which have housed her since her arrest on November 1, 2007.

## DISCUSSION

### A. Habeas Petition Is Premature

While petitioner has utilized a form for a 28 U.S.C. § 2254 petition, it appears that what she seeks to challenge is not a conviction in state court, but rather involuntary hospitalization ordered after a psychiatric evaluation conducted at the behest of the Queens County criminal court. Pet. at 1, 9. It is clear that she has not yet been convicted of the offense with which she is charged and that she has not exhausted her state court remedies, both of which are necessary to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254; Rules Governing Section 2254 Cases ( "Habeas Corpus Rule(s)"), Rule 2(a), (b) (the petitioner must either be in custody pursuant to the state court judgment against which he seeks relief or subject to such custody in the future); Daye v. Attorney General of New York, 696 F.2d 186, 190-92(2d Cir. 1982) (en banc) (premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious."). Since she is not challenging a state court conviction, the petition is premature and is dismissed without prejudice.

### B. Facility Conditions

Moreover, to the extent petitioner files this petition seeking damages for unconstitutional prison conditions during her confinement at Rikers Island from November 5, 2007 to November 19, 2007, these claims are dismissed as not properly considered within the context of a habeas petition. In a separate action before this court, petitioner has filed a complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations during her incarceration at Rikers Island, which allegations the

4

court will consider in due course.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed *in forma pauperis* is dismissed without prejudice for the reasons set forth above pursuant to Habeas Corpus Rule 4. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/NG

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
May 9, 2008